Michael R. Rochelle
State Bar No.17126700
Chris B. Harper
State Bar No. 09025500
Eric M. Van Horn
State Bar No. 24051465
ROCHELLE MCCULLOUGH LLP
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
P: (214) 953-0182
F: (214) 953-0185

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS-IN-POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| IN RE: | § | |
| --- | --- | --- |
| | § | |
| REDWINE RESOURCES, INC. | § | CASE NO. 10-34041 |
| BADGER DRILLING COMPANY, LLC | § | CASE NO. 10-34046 |
| WHITE OAKS RESOURCES, LLC | § | CASE NO. 10-34054 |
| REDWINE OIL AND GAS PROPERTIES, LLC | § | CASE NO. 10-34052 |
| REDWINE ROCKIES, LLC | § | CASE NO. 10-34053 |
| REDWINE OIL AND GAS, LLC | § | CASE NO. 10-34050 |
| REDWINE AVIATION, INC. | § | CASE NO. 10-34047 |
| REDWINE KINTA RANCH, LLC | § | CASE NO. 10-34051 |
| | § | |
| DEBTORS | § | CHAPTER 11 |
| | § | |
| | § | JOINT ADMINISTRATION |
| | § | REQUESTED |

**DEBTORS' EMERGENCY MOTION FOR JOINT ADMINISTRATION OF CASES**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above referenced debtors and debtors-in-possession (the "Debtors") file this Motion for Joint Administration of Case (the "Motion"), and would show the Court as follows:

1

# I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

# II. FACTUAL BACKGROUND[1]

**A.     The Debtors' Chapter 11 Filings and Businesses Generally.**

3. On June 4, 2010 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate and continue to manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. By virtue of the provisions of the Bankruptcy Code, as debtors-in-possession, the Debtors have the statutory responsibilities and duties of a trustee, except where specifically excused. *See* H.R. § 200, H.R. Rep. No. 595, 95th Cong., 1st Sess. 404 (1977). As such, the Debtors are serving in the capacity of a Chapter 11 trustee as if appointed by order of this Court.

4. The Debtors operate businesses related to the oil and gas industry. Generally, the Debtors are in the business of acquiring and investing in both producing and non-producing leasehold and mineral interests across the United States, with a primary focus in Colorado, Indiana, New Mexico, Oklahoma, Texas, and Wyoming. The Debtors acquire interests in targeted areas where the geology is defined and productive, and in areas established operators have targeted, or are reasonably anticipated to soon target for development, based upon known drilling trends. After acquisition of these interests, the Debtors participate as working interest

---

[1] The Declaration of Lyndon James in Support of Debtors' Voluntary Petitions Under Chapter 11 of Title 11 of the United States Code and First Day Motions (the "James Declaration") contains a more extensive statement of background facts (including a detailed account of the various financial difficulties that led to the filing of this Chapter 11 case), and provides support for the factual matters discussed herein.

owners in the drilling of wells on its leases and/or repackage the leases for sale to operators or investors.

**B.     Events Leading to Chapter 11**

5.      In response to significant decline in the price of natural gas, and a slowdown of drilling activity by various oil companies, the Debtors have suffered substantial decreases in production-related revenue. Further, the decrease in the price of natural gas combined with the collapse in the credit markets, devastated the Debtors' ability to raise capital to further develop these properties.

6.      While certain restructuring initiatives have been successful in reducing costs, ultimately chapter 11 proceedings are necessary to address the Debtors' issues through a sale of assets. Accordingly, on the Petition Date, the Debtors filed these cases.

### III.  RELIEF REQUESTED

7.      By this Motion the Debtors request an order directing that all of the above captioned chapter 11 cases be jointly administered under a single case number and caption.

### IV.  BASIS FOR RELIEF

8.      Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against the Debtors and an affiliate, the court may order a joint administration of the estates of the Debtors and such affiliates. *See* Fed. R. Bankr. P. 1015(b).

9.      All of the Debtors are liable for the secured debt obligations, either principally or as guarantors. As illustrated on the corporate organization chart attached to the James Declaration, the Debtors, except for Badger Drilling Company, LLC ("Badger") and White Oaks Resources, LLC ("White Oaks") are subsidiaries of Redwine Oil and Gas Properties, LLC ("Redwine Properties"), as such they are affiliates as that term is defined in Section 101(2) of the

Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Thus, joint administration of the cases is appropriate under Bankruptcy Rule 1015(b).

10. The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect many or all of the Debtors. Joint administration will save time and money and avoid duplicative and potentially confusing filings, by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than for each of the Debtors. Joint administration will also protect parties in interest by ensuring that parties in interest in <u>each</u> of the Debtors' respective chapter 11 case will be apprised of the various matters before the Court in all of these cases.

11. In addition, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases name Redwine Resources, Inc., as the lead debtor because, *inter alia*, (i) it is the record owner and operator of all the leases and wells associated with the Debtors; and (ii) it serves as the central cash management entity for accounts receivable and payable:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 10-34041** |
| | § | |
| **REDWINE RESOURCES, INC. *et. al.,*** | § | **CHAPTER 11** |
| | § | |
| **DEBTORS.** | § | **JOINTLY ADMINISTERED** |

12. The Debtors submit that use of this simplified caption, naming only Redwine Resources, Inc. without reference to the Debtors and their respective states of incorporation and tax identification numbers, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

13. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases in as much as the relief sought is purely procedural and is in no way intended to affect substantive rights, and each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Finally, supervision of the administrative aspects of the chapter 11 cases by the Office of the United States Trustee will be simplified.

14. No previous request for the relief sought in this Motion has been made to this Court or any other Court.

## V. NOTICE

15. Notice of this Motion has been provided to the parties listed on the attached service list which includes the office of the United States Trustee for the Northern District of Texas, to all of the Debtors' secured lenders, and to each of the Debtors' 20 largest unsecured creditors. The Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors request that the Court enter an order (i) directing joint administration of these cases and (ii) granting such other and further relief as is just and proper.

Respectfully submitted this 4th day of June, 2010.

>*/s/ Eric M. Van Horn*
>Michael R. Rochelle
>State Bar No. 17126700
>Chris B. Harper
>State Bar No. 09025500
>Eric M. Van Horn
>State Bar No. 24051465
>ROCHELLE MCCULLOUGH LLP
>325 N. St. Paul, Suite 4500
>Dallas, Texas 75201
>(214) 953-0182 Telephone
>(214) 953-0185 Facsimile
>
>PROPOSED ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION